## 11135

### STATE v. BOYD

#### (115 S. E., 809)

1. CRIMINAL LAW—NEW TRIAL FOR ABSENCE OF WITNESSES WITHIN COURT'S DISCRETION.—In a prosecution for assault with intent to ravish, where accused as grounds for new trial asserted that he was entitled to the aid, comfort, and testimony of his parents at his trial, and offered their affidavits setting out the testimony which his mother who saw the alleged offense, would give, and stating that their absence had been due to fear induced by threats of the prosecutrix's father, *held,* that the ruling denying a new trial was not an abuse of discretion.

2. CRIMINAL LAW—MERELY CUMULATIVE TESTIMONY OF ABSENT WITNESS HELD NOT TO WARRANT NEW TRIAL.—In a prosecution for assault with intent to ravish, where accused as grounds for new trial asserted that he was entitled to the aid, comfort, and testimony of his parents at his trial, and offered their affidavits setting out the testimony which his mother, who saw the alleged offense, would give, and stating that their absence had been due to fear induced by threats of the prosecutrix's father, *held,* that the ruling denying a new trial was not error, since the suggested testimony of the mother was cumulative only.

3. CRIMINAL LAW—NEW TRIAL UNWARRANTED IN ABSENCE OF SHOWING ABSENT WITNESS' TESTIMONY WOULD HAVE CHANGED RESULT.—

In a prosecution for assault with intent to ravish, where accused as grounds for new trial asserted that he was entitled to the aid, comfort, and testimony of his parents at his trial, and offered their affidavits setting out the testimony which his mother, who saw the alleged offense, would give, and stating that their absence had been due to fear induced by threats of the prosecutrix's father, *held,* the ruling denying a new trial was not error, since there was no showing that the mother's testimony would have probably changed the result.

4. CRIMINAL LAW—RAPE—FAILURE TO CHARGE CONCERNING CONSENT HELD NOT ERROR WHERE NO EVIDENCE THEREOF AND NO REQUEST TO CHARGE; CONSENT OF 9-YEAR OLD GIRL TO ASSAULT CANNOT BE PROVED.—In a prosecution for assault with intent to ravish, failure to charge concerning consent of the alleged victim (though there could have been no legal consent), so that the jury if they believed there was consent might have recommended mercy, was not error in the absence of any evidence showing consent, and since, if prosecutrix had consented, under the constitutional inability to do so, it could not have been proven, and where no request for such charge had been preferred.

5. CRIMINAL LAW—INSTRUCTION THAT STATE RELIED ON JURY FOR FAIR TRIAL HELD NOT ERROR FOR FAILURE TO INCLUDE DEFENDANT.— An instruction, "* * * The State relies on you as jurors * * * to give a fair trial," *held* not erroneous for failure to say "the State and defendant," since the State is equally interested with defendant in securing a fair trial and true verdict, and to impress the jury with that duty is as much in the interest of defendant as the prosecution.

Before TOWNSEND, J., Richland, June, 1922. Affirmed and remanded for new day for execution to be set.

Bradford Boyd indicted for assault with intent to rape and upon conviction appeals.

*Messrs. J. B. McLaughlin, Holman & Holman* and *J. Wengrow,* for appellant.

*Mr. A. F. Spigner, Solicitor,* for the State.

February 8, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment for assault with intent to ravish; verdict, "Guilty"; sentence, electrocution. There was abundant evidence to sustain the verdict if believed by the jury. The defendant appeals upon three exceptions, which will be considered.

The first exception is as follows:

1, 3 "Because the presiding Judge erred in refusing to grant the motion for a new trial upon the affidavits of the appellant's father and mother; it being submitted that he was entitled to their aid, comfort, and testimony at his trial, their absence being due to fear caused by threats made as alleged in said affidavits."

The affidavit of the mother was to the effect that the defendant was scuffling with the victim, a little girl of 8 or 9 years, practically an imbecile, at least 100 yards from the house in which the crime is alleged to have been committed; that the girl had some bolts belonging to the defendant, and would not give them up; that the defendant took them away from her; that they got no nearer to the house, and that no assault had been made by the defendant; that she was not present at the trial on account of threats that had been made by the father of the child against her and her husband if they attended. Her affidavit was a confirmation of the defendant's statement upon the trial. The affidavit of the father was to the same effect in reference to their attending the trial. The exception must be overruled for the following reasons: (1) The matter was in the discretion of the presiding Judge, and it cannot be affirmed that his discretion was abused; (2) the suggested testimony of the mother was cumulative only; (3) it has not been made to appear that such testimony would probably have changed the result.

The second exception as follows:

4 "Because the presiding Judge erred in failing to charge the jury concerning the question of consent on the part of the alleged victim; the testimony of Dr. Vaughn being practically conclusive that there was consent

from which, if the jury believed that there was consent (even if there could be no consent as a matter of law), they could have recommended the defendant to mercy."

There is no evidence tending to show that the child, if she had had the legal right to do so, consented to the act of the defendant. If she had consented, under the constitutional inability to do so, the fact could not have been proved for any purpose. If the defendant had been entitled to such a charge, no request was preferred to that effect.

The third exception is as follows:

"Because the presiding Judge erred in charging the jury as follows: 'You see the gravity of the case—that is one of the most serious charges made; it is one of the most serious that can be made in a Court of justice—and the State relies upon you, as the jurors charged with the trial of the case, who swore before you went into the jury box that you would give a fair trial and render a true verdict, and to decide what verdict should be rendered.' It being submitted that the language used conveyed to the jury the impression of the Court that the State relied upon them to bring in a verdict of guilty; that the Court should have charged 'the State and the defendant' relied upon them for a fair trial and true verdict under all the testimony."

The charge is not amenable to the criticism suggested. The State is interested equally with the defendant in securing a fair trial and a true verdict; and to impress the jury with that duty is as much in the interest of the defendant as of the prosecution.

The judgment of this Court is that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed.